| | | |
|---|---|---|
| **JAMAL WRIGHT ET AL** | * | **NO. 2021-C-0324** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **TOURO INFIRMARY ET AL** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-01903, DIVISION "E"
Honorable Omar Mason, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*
(Court composed of Judge Terri F. Love, Judge Edwin A. Lombard, Judge
Rosemary Ledet)

Benjamin Biller
1100 Poydras Street, Suite 2700
New Orleans, Louisiana 70163

    COUNSEL FOR RELATORS

Danatus King
2475 Canal Street, Suite 308
New Orleans, Louisiana 70119

    COUNSEL FOR RESPONDENT

    **WRIT GRANTED IN PART AND DENIED IN
PART; JUDGMENT RENDERED**

**JULY 7, 2021**

This is a medical malpractice case. The Relators—Touro Infirmary and Kimberly Guidry, R.N.—seek review of the trial court's April 9, 2021 judgment denying their re-urged peremptory exception of prescription.[1] The narrow issue presented here is whether the wrongful death and survival action claims asserted by the Respondent—Jamal Wright ("Mr. Wright") on behalf of his minor child, Janaya Wright ("Janaya")—are prescribed. For the reasons that follow, we grant the writ as to the wrongful death action claim, but deny the writ as to the survival action claim.

*Factual and Procedural Background*

The medical malpractice claims asserted here arise from medical treatment provided to Nicole Phillips ("Ms. Phillips") following the birth of her child,

---

[1] Both Relators and the other named defendants—the state health care providers (the "State Defendants")—filed a prior prescription exception. From the trial court's November 2017 ruling denying the prior exception, only State Defendants filed a writ application, which this court denied. *Wright v. State on Behalf of Alleyn*, 18-0215 (La. App. 4 Cir. 5/2/18) (*unpub.*). Thereafter, State Defendants were dismissed due to the failure to serve them timely. *See Wright v. State on Behalf of Alleyn*, 19-0499, p. 12 (La. App. 4 Cir. 8/5/20), ___ So.3d ___, ___, 2020 WL 4499654, *7 (observing that "[d]ue to the Plaintiff's failure to request service on a State agency within ninety days of commencement of the action, we grant the Relators' writ, reverse the trial court's judgment, and dismiss the Respondent's claims with prejudice").

1

Janaya.[2] Janaya was born on October 31, 2014. On the following day, Ms. Phillips became unresponsive, went into a coma, and sustained a brain injury. On June 4, 2016, Ms. Phillips died.

The relevant procedural time line in this case is as follows:

- January 22, 2015: Ms. Phillips was interdicted and her parents—Donald Phillips, Sr., and Aubranell Phillips ("Grandparents")—were appointed as her curator and undercurator, respectively;

- June 2, 2015: An interim consent judgment was rendered, granting joint custody of Janaya to Grandparents and Mr. Wright, but designating Mr. Wright as the domiciliary parent;

- October 7, 2015: An initial request for a medical review panel was filed, naming Ms. Phillips as the claimant;

- October 15, 2015: An amended request for medical review panel was filed, substituting Grandparents, in their respective capacities as curator and undercurator, as the claimants;

- February 7, 2017: A second amended request for medical review panel was filed, clarifying that Ms. Phillips had died on June 4, 2016; that she was survived by her parents (Grandparents) and a minor child, Janaya; and that the Grandparents had legal custody of Janaya;

- June 21, 2017: Grandparents' attorney sent a letter to the Division of Administration, advising that upon Ms. Phillips' death, her right of action passed to Janaya and that Grandparents "no longer possess a right of action to pursue these claims. That right is now vested in Jamal Wright, the father of the minor child, on his daughter's behalf";

- July 20, 2017: Mr. Wright's attorney sent a letter of representation to the Division of Administration, advising that "[Mr] Wright has hired our firm to represent him on behalf of his minor daughter, Janaya Wright, in the above reference matter"; and

- December 11, 2017: Mr. Wright, acting on behalf of Janaya, filed a request with the Division of Administration to have Janaya, as Ms. Phillips's sole heir, substituted for Ms. Phillips as claimant in this matter; included with this request was a copy of Janaya's birth certificate.

Relators' initial exception of prescription, which was filed while the medical review panel proceeding was pending, was denied in January 2018. Thereafter, the

---

[2] Ms. Phillips and Mr. Wright were never married; Mr. Wright is Janaya's biological father.

medical review panel issued its decision, and Respondent filed this suit. In May 2019, the Louisiana Supreme Court issued its decision in *Guffey v. Lexington House, LLC*, 18-1568 (La. 5/8/19), 283 So.3d 1001.[3] Based on the *Guffey* case, Relators re-urged their prescription exception.

Relators' argument has four parts: (i) Janaya, as Ms. Phillips' only surviving heir, had the right of action to bring survival and wrongful death action claims; (ii) Janaya is a minor who lacks procedural capacity and, thus, her father, Mr. Wright, had to assert her claims within one year of Ms. Phillips' death;[4] (iii) Grandparents did not have the right of action or procedural capacity to assert a claim, thus, their February 7, 2017 medical review panel request did not suspend prescription, as held in *Guffey*; and (iv) because prescription was never suspended after Ms. Phillips' death, Janaya's claims, asserted by Mr. Wright, are prescribed.

The trial court denied Relators' re-urged exception. In so doing, the trial court reasoned that because Grandparents had legal custody of Janaya, albeit as non-domiciliary parents, their February 7, 2017 request for a medical review panel "meets the requirements of the wrongful death and survival actions interruption of prescription." This writ followed.

*Standard of Review and Governing Law*

---

[3] In *Guffey*, the Supreme Court addressed the issue of whether a "claimant" under La. R.S. 40:1231.1(A)(4) was confined to those persons who have a right of action to assert a survival action or wrongful death action claim when the panel proceeding is completed. Answering that question in the affirmative, the Supreme Court observed "the language of R.S. 40:1231.1(A)(4) when read in light of our Civil Code, presumes that only those persons with a right of action to seek damages or the representative specified in La. R.S. 40:1231.1(A)(16) may qualify to be a 'claimant' within the meaning of the Act." *Guffey*, 18-1568, p. 14, 283 So.3d at 1010. Applying that definition, the Supreme Court found that because the decedent's granddaughter was not a proper party "claimant," her request for a medical review panel did not interrupt prescription.

[4] Mr. Wright was the domiciliary parent and had the sole authority to assert Janaya's right of action on her behalf. *See* La. 9:335 B(3) (providing that "[t]he domiciliary parent shall have authority to make all decisions affecting the child unless an implementation order provides otherwise").

This court has summarized the standard of review of a trial court's judgment granting or denying an exception of prescription as follows:

> When no evidence is introduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. A de novo standard of review applies. In this context, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.
>
> When evidence is introduced, the trial court's factual findings on the issue of prescription generally are reviewed under the manifestly erroneous-clearly wrong standard of review. When evidence is introduced but the case involves no dispute regarding material facts, only the determination of a legal issue, an appellate court must review the issue de novo, giving no deference to the trial court's legal determination. ...
>
> Ordinarily, the defendant—the party asserting a peremptory exception of prescription—bears the burden of proof. When the plaintiff's claim is prescribed on the face of the petition, however, the burden shifts to the plaintiff to establish that his or her claim has not prescribed.

*Wells Fargo Fin. Louisiana, Inc. v. Galloway*, 17-0413, pp. 8-9 (La. App. 4 Cir. 11/15/17), 231 So. 3d 793, 800 (citations, quotation marks, and alterations omitted).

Medical malpractice claims are subject to a special prescriptive period codified in La. R.S. 9:5628(A), which provides:

> No action for damages for injury or death against any physician . . . whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought unless filed within one year from the date of the alleged act, omission, or neglect, or within one year from the date of discovery of the alleged act, omission, or neglect; however, even as to claims filed within one year from the date of such discovery, in all events such claims shall be filed at the latest within a period of three years from the date of the alleged act, omission, or neglect.

The reference in La. R.S. 9:5628 to actions for death "applies solely to survival actions as they are derivative of the malpractice victim's action." *Taylor v. Giddens*, 618 So.2d 834, 841 (La. 1993). In contrast, wrongful death actions are

4

not derivative because they are "not dependent upon the victim having a viable malpractice action." *Id.* As a result, wrongful death actions are governed by the one-year tort prescription period set forth in La. C.C. art. 3492. *Id.* Wrongful death claims, nonetheless, "continue to be governed and procedurally controlled by the provisions of the [Medical Malpractice] Act." *Taylor*, 618 So.2d at 841. Because wrongful death and survival action claims are separate and distinct, "the filing of the survival action does not interrupt prescription for the wrongful death action." 12 LA. CIV. L. TREATISE, TORT LAW, §5:20 (2d ed.).

Explaining the special prescription rules regarding medical malpractice actions, this court has observed:

> Despite the one-year prescriptive period, "medical malpractice lawsuits are virtually never actually filed in courts of competent jurisdiction within one year of the alleged act of malpractice." *In re Noe*, 05-2275, p. 8 (La. 5/22/07), 958 So.2d 617, 622 (Calogero, C.J., concurring in part, dissenting in part). This is because "[f]iling a complaint with the review panel is a mandatory initial step in a malpractice claim and a requirement before filing suit 'in any court.' " *Nathan v. Touro Infirmary*, 512 So.2d 352, 353 (La. 1987). Acknowledging this initial step, the Louisiana Legislature has expressly "provided that the filing of the request for a review of a claim suspend[s] the running of prescription, ... just as the filing of a suit in a competent jurisdiction suspends the running of prescription." *Id.* at 354.

*Med. Review Complaint by Downing*, 18-1027, p. 7 (La. App. 4 Cir. 5/8/19); 272 So.3d 55, 59-60.

Although the filing of a request for a medical review panel is equivalent to the filing of a suit for purposes of interrupting prescription, the party filing the request must be a proper "claimant" under La. R.S. 40:1231.1(A)(4).[5] The

---

[5] La. R.S. 40:1231.1(A)(4) provides that the term "claimant" means "a patient or representative or any person, including a decedent's estate, seeking or who has sought recovery of damages or future medical care and related benefits under this Part. All persons claiming to have sustained damages as a result of injuries to or death of any one patient are considered a single claimant."

Supreme Court, in *Guffey*, construed the term "claimant" to mean those with a right of action under La. C.C. arts. 2315.1 or 2315.2.

*Discussion*

Here, Relators contend that since Grandparents were not proper party claimants under La. R.S. 40:1231.1(A)(4), their February 7, 2017 request for a medical review panel did not serve to interrupt prescription. In support, Relators cite the *Guffey* case. We find this argument persuasive as to Respondent's wrongful death action claim, which did not arise until Ms. Phillips' death, but not as to Respondent's survival action claim.

In finding Respondent's claim was timely asserted, the trial court relied on Grandparents' February 7, 2017 request for a medical review panel, which was filed within one year of Ms. Phillips' death. Mr. Wright, on Janaya's behalf, failed to timely assert a claim within one year of Ms. Phillips' death. Grandparents' February 7, 2017 request for a medical review panel did not interrupt prescription because Grandparents lacked a right of action to file a wrongful death action claim. The *Guffey* case, as Relators contend, dictates a finding that Janaya's wrongful death action claim is prescribed. For these reasons, the trial court erred in denying Relators' prescription exception as to the wrongful death action claim.

As to Respondents' survival action claim, however, a different analysis is required. *Taylor*, 618 So.2d at 841 (observing that although survival and wrongful death action claims arise from the same tortious act, they are separate and distinct). Before Ms. Phillips died, a timely request for a medical review panel was filed on her behalf. Ms. Phillips' request was filed by her parents—Grandparents—in their respective capacities as curator and undercurator. Because Ms. Phillips timely filed a request for a medical review panel before she died, the one-year prescriptive

6

period does not apply to Janaya's right of substitution as to the survival action claim. *See Nathan v. Touro Infirmary*, 512 So.2d 352, 355 (La. 1987) (observing that once an action has been instituted timely, "the one year prescriptive period . . . no longer applies to the survival action, but rather the nonabatement [La. C.C.P. art. 426-28] and substitution [La. C.C.P. art. 801] provisions of the Code of Civil Procedure control").[6]

On December 11, 2017, Mr. Wright properly substituted Janaya in Ms. Phillips' place as to the survival action claim. As Respondent points out, Ms. Phillips' action had not been abandoned before Janaya's substitution. For these reasons, the trial court did not err in denying Relators' prescription exception as to the survival action claim.

*Conclusion*

Accordingly, Relators' writ application is granted in part; and the trial court's April 9, 2021 judgment is reversed insofar as it denied Relators' exception of prescription as to the wrongful death action claim. Judgment is rendered granting Relators' exception of prescription as to the wrongful death action claim and dismissing that claim. In all other respects, Relators' writ is denied.

**WRIT GRANTED IN PART AND DENIED IN PART; JUDGMENT RENDERED**

---

[6] La. C.C.P. art. 801 provides that "[w]hen a party dies during the pendency of an action which is not extinguished by his death, his legal successor may have himself substituted for the deceased party, on ex parte written motion supported by proof of his quality."